

05/10/2013

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| CLOVIS L. PRINCE, ET AL., | § | Case No. 09-43627 |
| | § | (Chapter 7) |
| Debtors. | § | |
| _____ | § | (Jointly Administered) |
| | § | |
| MICHELLE CHOW, | § | |
| CHAPTER 7 TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. Proc. No. 11-4211 |
| | § | |
| DANTA MASON A/K/A DANTA | § | |
| ROBINSON | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER REGARDING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This proceeding is before the Court on the chapter 7 trustee's motion for a

summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See*

FED. R. BANKR. P. 7056.  The trustee seeks to avoid and recover an allegedly fraudulent

transfer from Crown Point Management, Inc. to Danta Mason prior to bankruptcy and

two alleged unauthorized, post-petition transfers of estate property from her mother to her

after bankruptcy.[1]  Mason opposes the trustee's motion, arguing that the pre-bankruptcy

transfer was for the repayment of a loan and the post-bankruptcy transfers did not involve

property of any of the debtors' bankruptcy estates.

---

[1] Mason's mother is the common law wife of Clovis Prince.  Although Mason appears to dispute their marital status in her response to the chapter 7 trustee's motion, Mr. Prince disclosed that he was married to Mason's mother in his bankruptcy schedules and statement of financial affairs.  In addition, in the underlying bankruptcy case, Mason's mother repeatedly appeared before this Court and represented herself to be the common law wife of Mr. Prince.

1

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398–99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.,* 754 F.2d 1212, 1216 (5th Cir. 1985);\. If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 586 (1986).

The Court, having reviewed the trustee's motion and Mason's response, as well as the admissible evidence submitted by the parties, finds and concludes that genuine issues of material fact exist. A dispute exists, for example, as to whether Crown Management possessed the actual intent to defraud creditors when it transferred money to Mason prior to bankruptcy and whether the pre-bankruptcy transfer repaid an antecedent debt to Mason. With respect to the post-bankruptcy transfers, a dispute exists, for example, as to whether or what extent the transfers to Mason from accounts in which her mother deposited her social security and retirement benefits involved the community property of Mr. Prince and Mason's mother. *See, e.g., Richard v. Richard,* 659 S.W.2d 746, 749 (Tex. App. – Tyler 1983) (holding that the social security benefits are not community

2

3

property subject to division); *Brock v. Brock*, 192 S.W.3d 895 (Tex. App. – Dallas 2006)

(holding that the portion of retirement benefits earned prior to marriage is separate

property).

**IT IS THEREFORE ORDERED** that the chapter 7 trustee's Motion for

Summary Judgment is **DENIED**.


Signed on 05/10/2013

*Brenda T. Rhoades*   SD
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE